UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) ) ) ) ) ) | Case No. 1:21-cr-79<br><br>Judge Atchley<br><br>Magistrate Judge Steger |
| v. |  |  |
| JONATHAN HENDERSON |  |  |

## ORDER REGARDING REPORT AND RECOMMENDATION

On August 4, 2023, United States Magistrate Judge Christopher H. Steger issued a Report and Recommendation ("R&R") [Doc. 65] recommending that Defendant Jonathan Henderson's Motion to Suppress [Doc. 47] be denied. Defendant, through counsel, filed objections to the R&R on August 18, 2023. [Doc. 66]. The Government responded on September 1, 2023. [Doc. 67].

For the reasons explained below, Defendant's objections to the R&R are **OVERRULED**. Further, the R&R [Doc. 65] is **APPROVED** and **ADOPTED** as the opinion of the Court.

I. **STANDARD OF REVIEW**

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677

F.2d 404, 410 (5th Cir. 1982)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

## II. DEFENDANT'S OBJECTIONS TO THE R&R

### BACKGROUND

Defendant's Motion to Suppress [Doc. 47] seeks to suppress evidence found at 1008 Crutchfield Street in Chattanooga, Tennessee and subsequent statements the Defendant made when questioned by law enforcement that same day. Under Defendant's theory, the affidavit supporting the warrant issued to search both 829 S. Germantown Road and 1008 Crutchfield Street did not provide probable cause to support the search of the 1008 Crutchfield Street property.[1] [Doc. 47 at 1]. Accordingly, he claims that the evidence recovered from 1008 Crutchfield Street, and statements he made to law enforcement during two instances of questioning on that same day should be suppressed. Magistrate Judge Steger concluded that under a totality of the circumstances analysis, the affidavit did support probable cause with respect to the warrant authorizing the 1008 Crutchfield Street search. Accordingly, he recommended that the Motion to Suppress be denied entirely. [Doc. 65]. Defendant timely responded, objecting to the R&R on the following grounds:[2]

1. The magistrate failed to conduct a proper totality of the circumstances evaluation.
2. The magistrate gave improper weight to dicta in the Sixth Circuit decision in *States v. Christian*, 925 F.3d 305 (6th Cir. 2019) (en banc).
3. The magistrate failed to give appropriate consideration to factual argument under a totality of the circumstances test as a consequence of the talismanic use of the phrase "independently sufficient for probable cause" used in regard to one fact found in *Christian*.
4. The magistrate failed to address the relevance of the Sixth Circuit decisions contrary to the asserted holding in *Christian*.

---

[1] Defendant does not dispute that the affidavit properly supported the warrant search of 829 S. Germantown Road.
[2] Doc. 66 at 1-2.

The Government promptly filed a response, addressing the objections. [Doc. 67]. After considering the objections, the Court finds that while listed in four points, the "objections" constitute a singular objection to the totality of the circumstances analysis performed by Magistrate Judge Steger and will address the objection as such.

### Defendant's Objection to the Totality of the Circumstances Analysis

Defendant objects to the Magistrate Judge's findings and claims that the Magistrate Judge generally failed to conduct a proper evaluation of the circumstances and failed to give an appropriate consideration to Defendant's factual arguments. [Doc. 66 at 1-2]. He further claims that the Magistrate Judge gave improper weight to case law supporting suppression and did not address case law weighing against suppression. [*Id*.]. However, a careful read of the R&R shows that the Magistrate Judge analyzed the facts set forth in the affidavit as well as Defendant's arguments in the Motion to Suppress and considered case law both supporting and cutting against suppression. [Doc. 65 at 5-9]. Nonetheless, the Court has reviewed the objections and is prepared to rule.

A probable cause inquiry involves a totality of the circumstances analysis, requiring a consideration of all factors both for and against a finding of probable cause. Both parties have provided various theories and case law buttressing their belief about the existence of probable cause in this matter. The Court has reviewed the arguments and agrees with the analysis performed by the Magistrate Judge. In particular, the Court finds *United States v. Christian,* 925 F.3d 305 (6th Cir. 2019) to be instructive.

In *Christian*, the Sixth Circuit reviewed an appeal where a Defendant challenged the sufficiency of probable cause supporting a warrant that led to a search of a residence associated with the Defendant. In that case, an associate of the Defendant, Rueben Thomas, was subjected

3

Case 1:21-cr-00079-CEA-CHS   Document 68   Filed 09/11/23   Page 3 of 5   PageID #: 423

to a routine traffic violation stop shortly after departing the residence in question. *Christian*, 925 F.3d 309. During the traffic stop of Thomas, officers found substantial quantities of drugs and contraband. *Id*. While not the only facts supporting probable cause for a warrant to search the residence in question, the reviewing magistrate placed heavy emphasis on these facts. The instant case exhibits similar facts, and the Court finds *Christian* persuasive.

Here, the property in question was a residence in which Defendant had lived within the last year. According to Special Agent Lauren Moon's[3] training and experience, such a location is often used for storing contraband. Further, a Chevy Silverado, known to be in the possession of Defendant by way of a fraudulent scheme[4] was seen at both residences identified in the search warrant in the days leading up to the search warrant application. This fact, in conjunction with Agent Moon's training and experience, lent credibility to a reasonable belief that the Defendant would hide contraband at either of the locations he was associated with. Another vehicle, a Dodge Ram, that was used to travel to the relevant drug deal was observed parked at both the 1008 Crutchfield Street and the 829 S. Germantown Road residences in the days leading up to the search warrant application. The Silverado and the Ram were both observed parked at the 1008 Crutchfield Street residence the morning before the search warrant application was submitted. The Court agrees that the concurrent presence of these vehicles is another fact showing a nexus between the Defendant's criminal activity and the 1008 Crutchfield Street residence. Finally, and perhaps most significantly, immediately after setting up a drug deal, the Defendant drove directly to the 1008 Crutchfield Street residence. About 20-30 minutes later he

---

[3] Special Agent Moon applied for the search warrant authorizing the search of 1008 Crutchfield Street at the center of this Motion to Suppress.

[4] The Court recognizes Defendant's dispute over the inclusion of "uncharged assertions of involvement in 'illicit activities' involving vehicles." [Doc. 66 at 13]. However, such conduct is not the subject of the inquiry here. Rather, it is a part of the totality of the circumstances informing Special Agent Moon's belief that probable cause existed when submitting the supporting affidavit for the warrant.

drove directly to the meet location and completed the drug transaction. The timing and direct travel between these locations lends substantial credibility to the assertion in the warrant that there was a nexus between the Defendant's criminal activity and the 1008 Crutchfield Street residence. When considering the totality of the circumstances, these facts easily clear the required threshold to establish probable cause.

Accordingly, Defendant's objection is **OVERRULED**.

### III. CONCLUSION

For the reasons expressed above, Defendant Henderson's objections to the R&R are **OVERRULED**. The R&R [Doc. 65] is **APPROVED** and **ADOPTED** as the opinion of the Court, and Defendant's Motion to Suppress [Doc. 47] is **DENIED**.

**SO ORDERED**.

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**